# United States District Court
# District of Massachusetts

UNITED STATES OF AMERICA,

       V.                             CRIMINAL NO. 2005-10087-NG

LAUDALINO VENTURA-MONIZ,
        Defendant.

## ORDER OF DETENTION PENDING TRIAL

**COLLINGS, U.S.M.J.**

      In accordance with the Bail Reform Act, 18 U.S.C. §3142(f), a detention hearing ha conclude that the following facts require the detention of the defendant pending trial in t

### Part I - Findings of Fact

\_\_\_ (1) The defendant is charged with an offense described in 18 U.S.C. §3142(f)(1) a convicted of a (federal offense)(state or local offense that would have been a fe a circumstance giving rise to federal jurisdiction had existed) that is
    \_\_\_ a crime of violence as defined in 18 U.S. C. §3156(a)(4).
    \_\_\_ an offense for which the maximum sentence is life imprisonment or death.
    \_\_\_ an offense for which a maximum term of imprisonment of ten years or prescribed in the Controlled Substances Act, the Controlled Substance Export Act, or the Maritime Drug Enforcement Act.
    \_\_\_ a felony that was committed after the defendant had been convicted of prior federal offenses described in 18 U.S.C. §3142(f)(1)(A)-(C), or comp or local offenses.

\_\_\_ (2) The offense described in finding (1) was committed while the defendant was o pending trial for a federal, state or local offense.

\_\_\_ (3) A period of not more than five years has elapsed since the (date of conviction defendant from imprisonment) for the offense described in finding (1).

\_\_\_ (4) Findings Nos (1), (2) and (3) establish a rebuttable presumption that no cond combination of conditions will reasonable assure the safety of (an)other pers

community. I further find that the defendant has not rebutted this presump

### Alternative Findings (A)

___ (1) There is probable cause to believe that the defendant has committed an offer
   ___ for which a maximum term of imprisonment of ten years or more is pr
       the Controlled Substances Act
   ___ under 18 U.S.C. §924(c).
___ (2) The defendant has not rebutted the presumption established by finding 1 tha
   or combination of conditions will reasonably assure the safety of the commu

### Alternative Findings (B)

_X_ (1) There is a serious risk that the defendant will not appear.
_X_ (2) There is a serious risk that the defendant will endanger the safety of
   another person or the community if released.

### Part II - Written Statement of Reasons for Detention

The defendant is charged with illegal re-entry into the United States after deportation; he has failed to demonstrate that he is in this country legally, and the Court finds that he is an illegal alien. He has severe mental health problems, and has a record of assaultive and threatening behavior. He uses marijuana daily. He is unemployed. He does not want to go to the country to which he was previously deported. If released, it is unlikely that the defendant will appear; it is more likely that he will go into hiding in this country in order to remain here. At present, there are no conditions or combination of conditions of release which will reasonably assure his appearance.

Nor are there conditions of release which will reasonably assure the safety of other persons and the community. The prior record contains convictions for many serious crimes.

### Part III - Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appear. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proce

/s/ Robert B. Collings
_____
ROBERT B. COLLINGS
United States Magistrate Judge

Dated: May 12, 2005.