UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA } | |
| } | |
| V. } | CRIMINAL ACTION |
| } | NO. 05-10087-NG |
| LAUDALINO VENTURA MONIZ } | |
| DEFENDANT } | |

## SENTENCING MEMORANDUM ON BEHALF OF LAUDALINO VENTURA MONIZ

Now comes the Defendant, Laudalino Ventura Moniz, files this motion and incorporated memorandum of law for a sentence below the range which would result from application of the federal sentencing guidelines, pursuant to U.S.C. sec.3553 and the decisions in United States v. Booker and United States v. Fanfan, 125 S.Ct. 738 (2005). Additionally, the defendant files this motion for a downward departure from the otherwise advisory applicable guidelines.

Specifically, the defendant requests that this Court sentence him to a period of twenty months, a period of supervised probation and immediate deportation.

## PROCEDURAL HISTORY

On February 14, 2006, Mr. Moniz appeared before this Court and pled guilty to a one count indictment charging him with illegal re-entry by a deported alien. Mr. Moniz has been incarcerated on this matter since February 28, 2005.

## DISCUSSION

The United States Congress directed the sentencing courts to "impose a sentence sufficient, but not greater than necessary" to reflect the seriousness of the offense, to provide just punishment, to afford deterrence and to protect the public and to provide the defendant with needed educational training, medical treatment or other care in the most effective manner.  See 18 U.S.C. sec.3553(a).  Against these objectives, the purported guideline range calling for 30-37 months of incarceration is not only excessive but counterproductive and a violation of basic constitutional principles of due process and fairness.

## GUIDELINE CALCULATION

The Probation Office has accurately determined that the total Offense Level for the defendant is 13, Criminal History V.  The defendant does not dispute these calculations.  Nonetheless, the Court has authority to depart from the guideline range based upon factors discussed at secs. 5H1.3, 5K2.13 and 5K2.11.

Mr. Moniz cannot refute the conduct of his past which caused him to be ordered deported in 1996 (See PSR paragraph (9)), nor the rest of his criminal history.  However, it is the mental condition of Mr. Moniz prior to and including his arrest on the instant matter up through today that the Court should consider in fashioning an appropriate sentence.  On February 28, 2005, the defendant was being treated at Corrigan Mental Health Center in Fall River, Massachusetts.  It was there that ICE placed Mr. Moniz in custody.  Upon being seen by Dr. Joseph Afonso, MD at Corrigan, Mr. Moniz was

diagnosed as being psychotic and prescribed medication for his condition.[1] Unfortunately, upon being transported to Essex County, the doctor there discontinued use of this medication.[2] Hence, Mr. Moniz is existing with a serious medical condition without any treatment.

Mr. Moniz is going to be deported to Portugal, a place where he has absolutely no familiarity with. He was brought to the United States in 1977 at the age of two years. He is the youngest of seven children. Despite a healthy childhood, the defendant's life began to unravel when both his uncle and father died, the latter from a long battle with leukemia in 1992. In 1993, his brother died from complications from surgery. It was at this point that Mr. Moniz began to experiment with substances. This experimentation culminated in the severe addiction he experienced while living in Portugal upon his deportation in 2002. In fact, he spent approximately $80,000 of his parent's money on cocaine and heroin during this time.[3] To be sure, whatever incarceration the Court imposes, the end result will be the same; Mr. Moniz will end up in an unfamiliar place. He does not have any friends or family in Portugal. He does not speak the language. He has no support network. He will leave his ailing mother who he has looked after and assisted in taking care of prior to his incarceration.

### NATURE AND CIRCUMSTANCES OF THE OFFENSE AND MR. MONIZ' PERSONAL HISTORY AND CHARACTERISTICS

Pursuant to United States v. Booker, 125 S.Ct. 738 (2005), the Court must consider the sentencing guidelines and policy statements. Also, the Court is also

---

[1] Filed under separate cover is a letter by Dr. Afonso, MD regarding the defendant's mental condition.
[2] Counsel is unaware of the reason(s) for this decision.
[3] Mr. Moniz' mother gave him full access to her bank account while he was living in Portugal.

mandated to consider factors set forth in 18 U.S.C. sec.3553(a).  As set forth in in the PSR, Mr. Moniz was brought to the United States at age two.  He was educated in Fall River and only speaks English.  Despite his past and the obstacles he has faced, this experience has scared Mr. Moniz.  He understands that despite his inevitable separation from his family, he would rather live in freedom than in prison.  Mr. Moniz is prepared to accept whatever sentence this court finds sufficient but not greater than necessary.  Naturally, his offense deserves punishment.  Twenty months of confinement will serve the same purpose as a sentence of thirty months.

By his attorney,

/s/ Frank D. Camera, Esq.
Frank D. Camera
56 N. Main Street
Fall River, MA 02720
508-677-2878

Date: May 30, 2006

CERTIFICATE OF SERVICE

I hereby certify that I have delivered of this Sentencing Memorandum to all parties of record by electronic filing on May 30, 2006.

/s/ Frank D. Camera