UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA } | |
| } | |
| V. } | CRIMINAL ACTION |
| } | NO. 05-10087 - NG |
| LAUDALINO VENTURA-MONIZ } | |
| DEFENDANT } | |

## DEFENDANT'S AMENDED SENTENCING MEMORANDUM

Now comes the Defendant, Laudalino Ventura-Moniz, and hereby files this amended sentencing memorandum based upon the Court's finding that the defendant violated his probation on Criminal Action No. 00-10444; the violation was the instant offense. A hearing on this violation occurred on July 25, 2006 before Judge Lindsey. Based upon this violation, the defendant was committed to the Bureau of Prisons for a period of eighteen months. In consideration of this sentence, the defendant hereby asks this Court to depart from the advisory guidelines and sentence him to a period of incarceration of two months.

PROCEDURAL HISTORY

On March 6, 2002, the defendant plead guilty to a one-count indictment charging him with illegal re-entry pursuant to 8 U.S.C. sec.1326; he was sentenced to a term of incarceration of twenty-four months followed by three years supervised release. On March 30, 2005, the defendant appeared before this court on the instant matter. On April 12, 2005, this court ordered that Mr. Moniz be detained. On this same date, the defendant appeared before Magistrate Judge Bowler on 00-10444 and was ordered

detained pending final revocation hearing. On July 25, 2006, the defendant was found in violation of probation and was sentenced to eighteen months. He is currently held at the Norfolk County House of Correction awaiting sentencing on this matter.

## DISCUSSION

The defendant notes that the majority opinion set forth in United States v. Booker, 125 S.Ct. 738 (2005) clearly indicates that the guidelines are advisory and this Court must consider the guideline ranges as well as factors set forth in Title 18 U.S.C. sec. 3553(a). The sentencing court must now consider all the factors set forth in 18 U.S.C. sec 3553 and not just the guidelines and policy statements of the guideline manual. See also United States v. Crosby, 397 F.3d 103 (2nd Cir.)(2005). The new principle as set forth appears to be a limited one in that the sentence must be "sufficient but not greater than necessary".

The factors the Court shall consider in determining a sentence that is sufficient but not greater than necessary are:

1. Nature and circumstances of the offense as well as the history and characteristics of the defendant;

2. The purposes of sentences above;

3. The kinds of sentences available;

4. Advisory guidelines;

5. Any pertinent policy statement in the guideline manual including departures;

6. A need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct;

      7.      The need to provide restitution to any victims of the offense.

The defendant notes that a review of the defendant's personal history, acceptance of responsibility and remorse would be factors that this Court should consider in sentencing the defendant below the applicable guidelines.  It is acknowledged that this Court may depart more freely than the strict pre-Booker regime allowed.  See <u>United States v. Perez-Chavez</u>, No.2; 05-CR00003PGC, 24-26 (D.Utah, May 16, 2005)(Cassell, J.)(departing for family circumstances).

The defendant also notes that the Sentencing Reform Act has always provided that the Court in determining a particular sentence to be imposed shall consider the nature and circumstances of the offense and the history and characteristics of the defendant.  18 U.S.C. sec. 3553(a) and no limitation shall be placed on the information concerning the background, character and conduct of the defendant which the Court may receive and consider for purposes of imposing an appropriate sentence.  18 U.S.C. sec. 3661.

Mitigating factors that were previously discouraged except under certain circumstances or for certain purposes should be considered more broadly to the extent they bear on the sentencing considerations found in sec. 3553(a).  These include age, education, vocational skills, and mental and emotional condition, not meeting diminished capacity standards, physical condition or appearance, employment record, family ties and responsibilities, military, civic, charitable or public service.  Likewise, the limitations on each of the generally encouraged mitigating factors set forth in U.S.S.G. sec. 5K2..0 et.al. should no longer bar considerations of these factors to the extent they are relevant to sec. 3553(a).

<u>FACTORS IN THE INSTANT CASE THAT WARRANT A SENTENCE OUTSIDE OF</u>

## THE GUIDELINE AND WARRANT A DEPARTURE

The defendant submits that grounds exist for this Court to allow a departure downward from the otherwise applicable guideline range. The defendant, regardless of the sentence imposed, will be deported to Portugal where he has no familiarity with and cannot speak the language. He has no friends in Portugal and his family, including his mother, reside in the United States. The defendant has also shown to be remorseful and rehabilitative based upon his early intention to plead guilty to this offense and acceptance of responsibility. See United States v. Bradstreet, 207 F.3d 76 (1st. Cir.)(2000); United States v. Green, 152 F.3d 1202 (9th Cir.)(1998) (affirming 11-level downward departure for rehabilitation).

The defendant submits that if the Court determines that based upon the above factors and those set forth in defendant's previously filed Sentencing Memorandum do not standing alone warrant a downward departure, taken together, they present a reason for this Court to depart downward. Firstly, the defendant's incarceration and eventual deportation will have a devastating emotional effect upon his family and friends, especially his elderly mother. Further, once the defendant is released from custody and deported to Portugal, he will be alone. Finally, the court may depart downward when the defendant's prior convictions are relatively minor in nature and occurred during the defendant's youth, as is such the case on a number of the defendant's convictions. United States v. Smith, 909 F.2d 1164 (8th Cir.)(1990).

Accordingly, the defendant asks this court to depart downward and sentence him to a period of two months.

Respectfully submitted,
Laudalino Ventura-Moniz,
By his attorney,

/s/ Frank D. Camera_____
Frank D. Camera, Esq.
B.B.O. #635930
56 N. Main Street #321
Fall River, MA 02720
508-677-2878
508-677-2876 fax

Date: October 9, 2006

CERTIFICATE OF SERVICE

I Frank D. Camera hereby certify that I have served a copy of this motion to all parties of record, via electronic filing, on this 9th day of October 2006.

/s/ Frank D. Camera